New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOSEPH GUIDA, PETITIONER, v. BOROUGH OF EMERSON,
RESPONDENT.

Decided July 27, 1939.

For the respondent, *Kalisch & Kalisch*.

For the petitioner, *Frank Pascarella*.

In the case *sub judice* petitioner was injured May 15th,
1936, while cleaning a fire truck and equipment, after a fire.
Petitioner went into fire headquarters for a sponge, slipped
on grease pan, fell to floor receiving a fracture of skull and
concussion of the brain.

The respondnet, through its insurance carrier, resists the
claim of the petitioner, on the ground that he was not prop-
erly appointed a fireman, or confirmed by the borough council
and, therefore, the status of an employer and employe between
him and the borough did not arise, and relies mainly on the
decision of the Supreme Court in *Brower* v. *Township of
Franklin,* 119 *N. J. L.* 417.

The respondent herein is a borough, governed by the Bor-
ough laws and the applicable sections of the "Act concerning
municipalities," chapter 152, laws of 1917, and is governed
by a mayor and six councilmen.

The evidence discloses the history of the creation of the
volunteer fire company, of which the petitioner claims to be

a member. This company was formed as an association not for pecuniary profit, under *Pamph. L.* 1898, *p.* 422; 1 *Comp. Stat., p.* 125, in the year 1905, as Etna Volunteer Fire Company, adopting at that time the then corporate name of the respondent. Immediately prior to the incorporation of this company the borough of Etna adopted an ordinance creating a fire department and designating the Etna Volunteer Fire Company as the authorized fire department of the borough. Subsequent to that time the name of the borough was changed to that of the borough of Emerson, and an ordinance was passed, which in effect, was the ordinance of 1904, with the name "Etna" deleted and the name "Emerson" written in its place. The organization known as the Etna Volunteer Fire Company continued to function as the designated fire company of the municipality from 1904 to the present time.

The by-laws of this fire company were adopted by the company and approved by the borough council. In the interval the Etna Volunteer Fire Company conveyed its real estate to the borough and also transferred all of its apparatus and equipment. From that time up to the present the volunteer fire company was and still is housed in these premises, and all equipment was purchased by the borough and all expenses of the fire company have been paid by the borough. The borough also purchased a Mack fire truck in 1923. On July 22d, 1924, the ordinance creating and controlling the fire department, now in effect, was introduced, but this ordinance was not fully adopted until December 9th, 1924.

The petitioner became a member of the volunteer fire company on October 7th, 1924, prior to the final adoption of the fire ordinance last referred to. There is no resolution in the minutes of the fire company as to his appointment, as the minutes for that period cannot be located. He signed the oath of office and the roster of the fire department showing the date he entered was also offered in evidence. There is no confirmation or approval of the petitioner as a volunteer fireman by the council, pursuant to section 9 of the 1924 ordinance.

The petitioner became a member of this company, paid his dues and assumed the duties of a volunteer fireman. He was

elected a lieutenant of the Hook and Ladder Company. There was also introduced in evidence the record of the petitioner as a fireman, filed with the borough clerk.

The petitioner was injured while cleaning the Mack fire truck belonging to the borough, in the borough hall, where the fire quarters are located. On the date of his injury he responded to the siren and, upon arriving at the fire quarters, he was directed by the fire chief to clean the truck. He, with others, performed these duties under the directions of the fire chief, who was properly appointed the chief of the fire department in accordance with the provisions of the by-laws and the fire ordinance of the borough. While going for a sponge, on the orders of the fire chief, petitioner slipped on a grease pan in the fire quarters, fell and sustained his injuries.

A necessary prerequisite for recovery under the Workmen's Compensation act is the existence of the relation of employer and employe. In order for that relation to exist there must be a valid contract of service together with the right or power in the employer to control the *employe* with respect to the transaction out of which the injury arose.

The question herein involved is whether the status of employer and employe existed between petitioner and respondent. I have carefully studied the testimony and exhibits marked in evidence as well as the statutes pertaining to volunteer fireman.

In the Brower case, which was heard by me, a different situation applied. The fire company owned its apparatus, was not incorporated under *R. S.* 40:149-10 and no control or supervision was exercised by the township. The court further held that the sum of $100 voted by the council annually did not give rise to an implied contract of master and servant relationship.

There is no comparable statute applying to municipalities, and therefore, we must revert to the Borough laws or the General Acts Concerning Municipalities. These statutes, as above enumerated, grant general powers to a borough to perform one of its essential functions, which is to provide fire protection for its inhabitants. The borough may provide such fire protection either by the creation of a paid department,

or by recognizing some volunteer firemen's association. Generally, in the smaller municipality, the latter course is pursued. The elements of contract and control are exercised by the borough, either by an express agreement, or an implied one. The express agreement would involve the passage of an ordinance creating a department and stating the manner of control. The implied agreement would be evidenced by a course of conduct over a period of time showing the performance of public fire duty by a volunteer organization and the exercise of general control by the municipality in some fashion, such as providing a fire truck, equipment, quarters, payment of expenses, &c.

In the case at bar there has been shown, by a history of fire ordinances, a course of conduct on the part of the borough to recognize the sole volunteer organization in the municipality as its fire department and the control over such department by the municipality by various features, such as the confirmation of the appointment of a fire chief and assistant fire chief, the payment of all expenses of the fire department, the furnishing of quarters for this department and the purchase of fire trucks and all necessary fire equipment.

The 1924 ordinance is a very lengthy and comprehensive ordinance and, had the petitioner been confirmed as required by section 9 of said ordinance, no question would have arisen as to his status. However, it must be borne in mind that the petitioner became a member of the department just prior to the adoption of this ordinance. At the time the petitioner joined the fire company, that company had been in existence since 1904, or a period of upward of twenty years, and there were a great number of members in the company. Upon the adoption of the 1924 ordinance no confirmatory action was taken by the borough as to the then members of the fire company. It was assumed that the members who were duly admitted under the prior ordinance of 1910 were still members of the department and section 9, which referred to applications for membership, would only apply to future application for membership.

It has been duly established by the evidence that the old Etna Volunteer Fire Company, the corporate name of which

was subsequently changed to read "Emerson Volunteer Fire Department," was recognized by the borough as its fire department. There is plenary evidence of this in the record—the passage of the 1904 ordinance referring to this company; the amended ordinance of 1910; the approval of the by-laws of this volunteer fire company in 1917; the acquiring of the property of the company and supplying quarters for this company; and the other evidence showing the purchase of equipment, payment of bills, &c.

In order for this petitioner to come under the benefits of the Workmen's Compensation act it would only be necessary for him to prove that he was a duly constituted member of this company and was injured in the line of duty. The latter is admitted, and the only question is whether he has acquired the status of a member of this company. This is opposed on two grounds—first, that he is not a member of the company, and secondly, he has not been confirmed by the borough council, in accordance with the 1924 ordinance.

Confirmation of petitioner by the council under the 1924 ordinance would enure to his benefit two-fold—firstly, he is a member of a company recognized by the borough; secondly, he is directly confirmed by the council. In the former case the relationship of employer and employe is established by reason of his membership in the recognized company, and in the latter case by the confirmatory resolution.

There is no resolution of the volunteer fire company admitting the petitioner to membership. There is a hiatus in the minutes of this company from June, 1924, to January, 1925. The petitioner signed the company roll. The register of the fire company shows the date of his entry—October 7th, 1924. He paid his dues and continued as a member of the company to the date of his injury. He was also elected lieutenant of the Hook and Ladder. He fully qualified for admission to membership in accordance with article 19 of the by-laws.

In the case at bar there is sufficient evidence to show that the municipality controlled the fire company and supervised it. The fire chief and assistant fire chief could not be appointed without the approval of the borough council (article

V of the by-laws, *Exhibit P-4,* and section 3 of the 1924 ordinance).

The course of conduct of the borough, with respect to the volunteer fire company, of which the petitioner was a member over a long period of years, and the passage of the various fire ordinances, shows a distinct intention to recognize this volunteer fire company and each of its members as the duly constituted fire department and volunteer firemen of the borough. The fact that the petitioner continued as a member from the year 1924 to the date of his injury, 1936, over a period of twelve years, evidences an intention on the part of the borough to recognize him as a volunteer fireman doing public duty under the control and supervision of the borough council. Any necessary formal legal requirements in this respect are supplied by the length of time which has elapsed and the course of conduct pursued by the parties. It is, in my opinion, a complete ratification of any agreement between them.

I am, therefore, holding that the relationship of master and servant existed between respondent and petitioner and that petitioner is entitled to compensation benefits under the act.

JOHN C. WEGNER,
*Deputy Commissioner.*